UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GINO R. GUARNIERI,                                                          Plaintiff,

v.                                                    Civil Action No. 3:16-cv-80-DJH-CHL

MICHAEL E. GARYANTES, in his individual
capacity and his official capacity as a
Kentucky State Police Officer,                                       Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Gino Guarnieri was pulled over and arrested for speeding by Kentucky State Police Officer Michael Garyantes. Guarnieri alleges that during the arrest, Garyantes forced him into the police vehicle in disregard of his preexisting knee problems and in violation of his constitutional rights. (Docket No. 1) Garyantes has moved for summary judgment, arguing that he is entitled to sovereign immunity on the official-capacity claims against him and qualified immunity to the extent he is sued in his individual capacity. (D.N. 10) After discovery deadlines passed with no attempt at discovery by Guarnieri, Garyantes filed a supplemental motion for summary judgment on the ground that Guarnieri had failed to disclose evidence necessary to support his claims. (D.N. 18) For the reasons explained below, the Court will grant the motion for summary judgment and deny the supplemental motion as moot.

**I.**

The parties agree as to the following statements of fact set out in Garyantes's initial motion.

    1.)     That the Defendant, Michael Garyantes[,] is an officer with the Kentucky State Police and that he was so employed on February 15, 2015.

2.) That in all of the interactions between the Plaintiff, Gino Guarnieri[,] and the Defendant, Michael Garyantes, Garyantes was acting under color of law as required for claims under 42 U.S.C. § 1983.

3.) That on February 15, 2015, Gino Guarnieri was traveling on Interstate 65 in Hardin County, Kentucky (as set out in Paragraph 14 of the Plaintiff's Complaint) and that at that time, Officer Garyantes made a traffic stop on Mr. Guarnieri (as set out in Paragraph 15 of the Plaintiff's Complaint).

4.) That Officer Garyantes arrested Mr. Guarnieri, placed him in handcuffs (as set out in Paragraph 21 of the Plaintiff's Complaint)[,] and transported him to the Hardin County Detention Center (as set out in Paragraph 26 of the Plaintiff's Complaint).

5.) That Mr. Guarnieri was charged by Officer Garyantes with speeding 25 miles or more over the speed limit, reckless driving[,] and following another vehicle too closely, all as set out in the Plaintiff's Complaint. . . . [and]

6.) That Mr. Guarnieri subsequently entered a plea of guilty to speeding and the other charges on the citation were dismissed (as set out in Paragraph 32 of the Plaintiff's Complaint).

(D.N. 10, PageID # 51-52; *see* D.N. 16, PageID # 94 (objecting only to Garyantes's seventh statement of fact))

In an affidavit attached to his response, Guarnieri elaborated on the circumstances surrounding his arrest. According to Guarnieri, Garyantes "pulled [his] arms behind his back[ and] pushed [him] against the car before handcuffing him.[1] (D.N. 16-1, PageID # 100 ¶ 4) Once Guarnieri was handcuffed, Garyantes "led [him] to the backdoor of [the police vehicle] and forced [him] into the rear seat." (*Id.* ¶ 6) Guarnieri informed Garyantes that the back seat "was too tight of a fit" because he had had surgery to replace both of his knees (*id.*), but Garyantes "again forced [him] to get further into the vehicle, telling [him] to scoot across the seat." (*Id.*

---

[1] This assertion goes beyond the complaint, which merely alleged that Garyantes "placed [Guarnieri] in handcuffs." (D.N. 1, PageID # 3 ¶ 21) To the extent Guarnieri seeks to augment his excessive-force claim through the affidavit, his attempt fails, as the affidavit does not indicate that the push was unnecessarily violent. *Cf. Jones v. Montgomery*, No. 15-1142, 2016 U.S. Dist. LEXIS 141861, at *20-*24 (W.D. Tenn. Oct. 13, 2016).

¶ 7) While using his left knee "to push across the seat," Guarnieri "suddenly felt [his] knee pop," and "[i]mmediately the knee started to tighten up and swell." (*Id.* ¶ 8) Guarnieri states that the injury was "extremely painful" and his knee was unstable; he had to be "pulled out of" the police vehicle when they reached the jail and "limp into the detention center without any assistance." (*Id.* ¶ 11) He claims that "[a]s a result of this incident," he has "suffered serious physical injury to [his] knee that required medical treatment and will continue to require future medical treatment." (*Id.* ¶ 15)

Guarnieri sued Garyantes in his official and individual capacities, asserting claims of excessive force and false arrest under 42 U.S.C. § 1983 as well as negligence, gross negligence, and negligent infliction of emotional distress under state law. (D.N. 1, PageID # 1, 5-11) Garyantes seeks summary judgment on all claims. (D.N. 10; D.N. 18)

## II.

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of

each of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

At the outset, the Court observes that although Guarnieri acknowledged in both of his response briefs that no substantive discovery has occurred in this case (D.N. 16, PageID # 94; D.N. 29, PageID # 142-43), he did not file an affidavit seeking additional time for discovery to support his opposition. *See* Fed. R. Civ. P. 56(d). The Court will therefore proceed to consider whether summary judgment is warranted on the current record.

### A. Official-Capacity Claims

Garyantes argues, and Guarnieri does not dispute, that the official-capacity claims should be dismissed on the basis of sovereign immunity. (D.N. 10, PageID # 54-55; *see* D.N. 16) An official-capacity suit against a state officer is effectively a suit against the state, and "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945)); *see id.* at 165-66. "This bar remains in effect when state officials are sued for damages in their official capacity." *Id.* at 169 (citing *Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Thus, because Guarnieri seeks only damages in this case (*see* D.N. 1, PageID # 11), his official-capacity claims are foreclosed by the Eleventh Amendment.

### B. Excessive Force

With respect to Guarnieri's individual-capacity claims under § 1983, Garyantes asserts qualified immunity. (D.N. 10, PageID # 55-62) Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly

4

established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity applies, the Court engages in a two-step inquiry, asking whether the plaintiff has presented facts demonstrating a violation of a constitutional right and "whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Id*. at 232 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Either step may be addressed first. *Id.* at 236; *see also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014). Here, the Court concludes that Guarnieri has not shown that Garyantes violated any constitutional right.

An unresisting arrestee has "a clearly established right to be free from force beyond what is necessary to carry out the arrest." *Toner v. Vill. of Elkton*, 547 F. App'x 720, 727 (6th Cir. 2013) (quoting *Cole v. City of Dearborn*, 448 F. App'x 571, 576 (6th Cir. 2011)). However, the Fourth Amendment has not been read to "require police officers to allow arrestees . . . the opportunity to enter police cars unaided or untouched before officers provide assistance."[2] *Id.* at 728. "In determining whether there has been a violation of the Fourth Amendment, [the Court] consider[s] not the extent of the injury inflicted but whether an officer subject[ed] a detainee to gratuitous violence." *Id.* at 727 (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 252 (6th Cir. 2010)); *see id.* at 728 (finding no excessive force where plaintiff suffered torn rotator cuff after officer assisted him into police vehicle). The Court must decide whether Garyantes's actions were reasonable given the "totality of the circumstances," viewing the situation "from the perspective 'of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'"

---

[2] Likewise, the Sixth Circuit recently stated that it was "unaware of any authority clearly establishing the right to be free from awkward or uncomfortable placement in a police cruiser." *Jackson v. Lubelan*, 657 F. App'x 497, 501 (6th Cir. 2016).

*Plumhoff*, 134 S. Ct. at 2020 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see Scott v. Harris*, 127 S. Ct. 1769, 1776 n.8 (2007) (reasonableness is "a pure question of law"). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (citation omitted). Against this standard, the facts presented here do not establish a Fourth Amendment violation.

Guarnieri asserts that Garyantes initially "forced [him] into the rear seat" of the police vehicle, then "forced [him] to get further into the vehicle, telling [him] to scoot across the seat" after Guarnieri informed him that he had had his knees replaced. (D.N. 16-1, PageID # 100 ¶¶ 6-7) When Guarnieri "felt [his] knee pop" and told Garyantes that he "was in serious pain . . . and needed help," Garyantes re-handcuffed him in the front, and he was then able to get into the vehicle without difficulty.[3] (*Id.*, PageID # 100-01 ¶¶ 8-10)

At most, the facts laid out by Guarnieri suggest that Garyantes shoved him twice as he struggled to get into the police cruiser.[4] In light of Guarnieri's hesitation and complaints, "a reasonable officer on the scene" might have concluded that he was resisting or required assistance to enter the vehicle. *Plumhoff*, 134 S. Ct. at 2020 (quoting *Graham*, 490 U.S. at 396). Mere assistance, even if it results in serious injury, does not constitute excessive force for purposes of the Fourth Amendment. *See Toner*, 547 F. App'x at 728. And even if the push was unnecessary, it does not amount to a constitutional violation given the totality of the

---

[3] Guarnieri quotes an apparently sarcastic comment by Garyantes that "[p]ain is jumping out of a plane, landing, then needing leg surgery." (D.N. 16-1, PageID # 101 ¶ 9) This comment is immaterial; verbal attacks do not transform otherwise reasonable force into excessive force. *See Williams v. Sandel*, 433 F. App'x 353, 362-63 (6th Cir. 2011).

[4] The affidavit could be read not to describe any physical force at all, but rather to state that Guarnieri was verbally commanded to get into the car. (*See, e.g.*, D.N. 16-1, PageID # 100 ¶ 7 ("The officer again forced me to get further into the vehicle, telling me to scoot across the seat.")) Viewing the facts in the light most favorable to Guarnieri, the Court assumes that Garyantes used physical force.

circumstances. *See Graham*, 490 U.S. at 396. The alleged injury to Guarnieri's knee occurred as he used it to "push across the seat," not as a result of any blow by Garyantes. (D.N. 16-1, PageID # 100 ¶ 8) Moreover, after Guarnieri complained of pain, Garyantes "moved [his] handcuffs to the front" so that he could more easily get into the car. (*Id.*, PageID # 101 ¶ 10) In short, there is nothing in the record indicating that Guarnieri was subjected to gratuitous violence in the course of his arrest. *See Toner*, 547 F. App'x at 727.

This case is distinguishable from *Vance v. Wade*, 546 F.3d 774 (6th Cir. 2008), upon which Guarnieri relies. (*See* D.N. 16, PageID # 95-98) There, the plaintiff alleged that the defendant police officer had "twisted [his] upper trunk all the way around," "crammed [his] head down on [his] shoulder," and, after the plaintiff fell face-first onto the floor of the vehicle, closed the car door against his legs so that he was "crammed" inside. *Vance*, 546 F.3d at 778-79. The Sixth Circuit concluded that the officer was not entitled to qualified immunity given that the plaintiff had been sitting cooperatively in the car for several minutes before the officer returned and violently forced him into the car. *See id.* at 786. In this case, there was no such gap, and Garyantes's actions, as described in Guarnieri's affidavit, were far less violent than those at issue in *Vance*. *See id.* at 778-79. In sum, the record does not show that Garyantes violated Guarnieri's constitutional rights, and Garyantes is thus entitled to qualified immunity and summary judgment on the excessive-force claim.

## C.  False Arrest

Garyantes contends that Guarnieri's false-arrest claim fails because he pleaded guilty to the underlying offense. (D.N. 10, PageID # 62) Guarnieri appears to have abandoned this claim, as his summary-judgment response pertains exclusively to Garyantes's use of force. (*See generally* D.N. 16) In any event, Garyantes is correct that the claim is foreclosed by Guarnieri's

guilty plea. *See Cunningham v. Sisk*, 136 F. App'x 771, 774 (6th Cir. 2005) (affirming summary judgment for police officer because plaintiff's "guilty plea and conviction as to the speeding charge foreclose[d] any claim that the police acted without probable cause" (citing *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988)); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that a plaintiff may not recover under § 1983 where a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence" and the conviction or sentence has not already been invalidated). Summary judgment is therefore warranted.

**D.     State-Law Claims**

Garyantes also asserts immunity with respect to Guarnieri's claims of negligence, gross negligence, and negligent infliction of emotional distress. (*See* D.N. 10, PageID # 55-57) Although his brief is unclear, the Court assumes he intends to assert qualified official immunity under Kentucky law, which "affords protection from damages liability for good faith judgment calls made in a legally uncertain environment." *Yanero v. Smith*, 65 S.W.3d 510, 522 (Ky. 2001). It is undisputed that Garyantes's decision to arrest Guarnieri, as well as any use of force in making the arrest, was discretionary. *See Tollison v. City of Independence*, No. 13-55-DLB-CJS, 2015 U.S. Dist. LEXIS 128876, at *47 (E.D. Ky. Sept. 25, 2015) (explaining that both the decision to arrest and "[t]he determination of the amount of force required to effect an arrest" are discretionary acts (alteration in original) (quoting *Nichols v. Bourbon Cty. Sheriff's Dep't*, 26 F. Supp. 3d 634, 642 (E.D. Ky. 2014))). Thus, the burden shifts to Guarnieri to show that Garyantes took those actions in bad faith. *See Yanero*, 65 S.W.3d at 523 (citing *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991)).

Guarnieri can make the necessary showing of bad faith by demonstrating either that Garyantes violated "a constitutional, statutory, or other clearly established right which a person

in [Garyantes's] position presumptively would have known was afforded to a person in [Guarnieri's] position" (objective unreasonableness) or that Garyantes "willfully or maliciously intended to harm [him] or acted with a corrupt motive." *Id.* (citing 63C Am. Jur. 2d *Public Officers and Employees* § 333 (1997)). As explained above, the Court finds no constitutional violation on the facts of this case. Nor is there evidence that Garyantes "willfully or maliciously intended to harm" Guarnieri. *Id.* Garyantes is therefore entitled to qualified official immunity on Guarnieri's state-law claims.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Garyantes's motion for summary judgment (D.N. 10) is **GRANTED**. A separate judgment will be entered this date.

(2) Garyantes's supplemental motion for summary judgment (D.N. 18) is **DENIED** as moot.

September 13, 2017

**David J. Hale, Judge**
**United States District Court**